**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| INNOVATIVE MEDICAL CARE, INC., | : | |
| | : | Case No. 05-52023 |
| Debtor. | : | |

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| J. SCOTT BRODER, | : | |
| | : | Case No. 05-52014 |
| Debtor. | : | |

| | | |
|---|---|---|
| | : | |
| AVATAR INDUSTRIES, LLC, and | : | Adv. Pro. No. 06-5012 ✔ |
| AVATAR HOLDINGS, LLC, | : | |
| | : | |
| Plaintiffs/Movants, | : | |
| | : | |
| v. | : | |
| | : | |
| INNOVATIVE MEDICAL CARE, INC., | : | |
| | : | |
| Defendant/Respondent. | : | |

| | | |
|---|---|---|
| AVATAR INDUSTRIES, LLC, and | : | Adv. Pro. No. 06-5013 |
| AVATAR HOLDINGS, LLC, | : | |
| | : | |
| Plaintiffs/Movants, | : | |
| | : | |
| v. | : | |
| | : | |
| J. SCOTT BRODER, | : | |
| | : | |
| Defendant/Respondent. | : | |

APPEARANCES:

Donna Nelson Heller, Esq.                    Attorney for Plaintiffs/Movants
Finn, Dixon & Herling, LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048

1

| | |
|---|---|
| Richard C. Marquette, Esq.<br>Marquette Law Partners, LLP<br>60 Washington Avenue, Suite 302<br>Hamden, CT 06518 | Attorney for Defendants/<br>Respondents |

_____

**MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

Alan H. W. Shiff, United States Bankruptcy Judge

The plaintiffs are creditors in both of the above chapter 7 cases. On January 27, 2006, they filed these adversary proceedings for a determination that debts owed to them are non-dischargeable. On March 28, 2007, they filed the instant motions for summary judgment for the reason that a judgment in a Georgia state court precludes any defense by the defendants. For the reasons that follow, the motions are granted.

**BACKGROUND**

On February 23, 2000, plaintiffs brought an action against the defendants in the Georgia Superior Court for breach of contract, theft, fraud and conversion. Final Order and Judgment, Exh. 1 to instant motions, at 2. On November 5, 2001, defendant Innovative Medical Care was defaulted for its refusal to retain counsel. *Id.* at 1 n.1 (citing *Eckles v. Atlanta Technologies*, 267 Ga. 801 (1997)). On February 25, 2002, defendant J. Scott Broder was defaulted as a sanction for "failure to respond to an order requiring him to provide discovery information". *Id.* (citing *Loftin v. Gulf Construction Co.*, 224 Ga. App. 210 (1997); *Kemiara, Inc. v. Amory*, 210 Ga. App. 48 (1993)).

On July 7, 2003, the Georgia court made the following findings of fact. The plaintiffs ordered equipment from the defendants in the summer of 1999. The plaintiffs paid $12,500 in advance of receiving the ordered equipment. The defendants refused to provide products and services as agreed. Defendant "Broder knew at the time he made the representations that he and [defendant Innovative] were not going to perform as promised". The defendants purposefully deceived the plaintiffs regarding their ability to provide products and services. "[T]he representations made by [d]efendants Broder and [Innovative] were false when

2

*made, and known to be false by [d]efendants Broder and [Innovative], and were made with the intent to convince the [p]laintiffs to convey money to [d]efendants Broder and [Innovative]"* under the false impression that the plaintiffs would receive goods and services as a result. *"The plaintiffs reasonably relied upon the [d]efendants Broder's and [Innovative]'s misrepresentations to their detriment"; and, "as a proximate cause and the sole direct result of [d]efendants Broder's and [Innovative]'s actions the [p]laintiffs have suffered financial losses".* See *id.,* at 2-4 (emphasis added).

Based on the presentation of evidence that "Broder consistently, regularly and wrongfully siphoned the corporate assets of [Innovative] to his own benefit", and "failed to follow even basic corporate formalities in his dealings with [Innovative]", the Georgia court also concluded that Innovative "was and is an alter ego of [d]efendant Broder". *Id.* at 6-7. The Georgia court thereupon entered judgment in favor of both plaintiffs and against both defendants as follows: special damages -$150,000; general damages - $726,000; interest - $39,800 to date, plus post-judgment interest at the legal rate; attorneys' fees - $49,000; and, costs - $3,700. *Id.,* at 6.

Finally, the Georgia court found, by clear and convincing evidence, that the actions of defendants "demonstrate[d] wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences" of defendants' actions. *Id.* at 7. As a consequence, the Georgia court awarded the plaintiffs punitive damages in the amount of $250,000 against Innovative and $500,000 against Broder. *Id.* (citing O.C.G.A. § 15-12-5.1; *Wise Moving & Storage, Inc. v. Reiser-Roth*, 259 Ga. App. 832, 834, 578 S.E.2d 535, 537 (2003)). The judgment of the Georgia court is final.

On October 16, 2005, both of the defendants filed chapter 7 petitions. On January 27, 2006, the plaintiffs filed the instant adversary proceedings against each defendant, alleging, *inter alia*, non-dischargeability based on the fraud judgment by the Georgia court[1].

---

[1] Although the action was based on multiple theories for relief, it is apparent from the Georgia Superior Court's Final Order and Judgment that it made all the findings necessary for a judgment based on the claim of fraud. *See* Final Order and Judgment, Exh. 1 to instant motions, at 3-4; *see also, infra*, at 3, 6.

*See* 11 U.S.C. §523(a)(2)(A).  On March 28, 2007, the plaintiffs filed the instant motions for summary judgement.

The issue here is whether the final order of the Georgia court, which as noted, included a judgment against the defendants for fraud, is entitled to preclusive effect, so that the defendants may not challenge the non-dischargeability of the their judgment debts to the plaintiffs in this court.

## DISCUSSION

### *Summary Judgment*

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Globecon Group, L.L.C. v. Hartford Fire Ins. Co.,* 434 F.3d 165, 170 (2d Cir. 2006); FED. R. CIV. P. 56(c).  The party moving for summary judgment bears the burden of "demonstrating the absence of a genuine issue of material fact". *Baisch v. Gallina*, 346 F.3d 366, 371-72 (2d Cir. 2003) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)).  The court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant".  *Baisch, supra*, 346 F.3d at 372 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)).

### *Full Faith and Credit*

The ". . . [a]cts, records and judicial proceedings [of state courts] . . . shall have the same full faith and credit in every court within the United States . . . as they have . . . in the courts of such [s]tate . . . from which they are taken".  28 U.S.C. § 1738.  As this court has observed, "[b]ankruptcy courts . . . are bound by determinations made in a state court judgement unless the judgement was procured by fraud or the state court lacked jurisdiction".  *In re Edwards*, 172 B.R. 505, 522 (Bankr. D. Conn. 1994); *Cf. New York v.*

4

*Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980)) (". . . the preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ").  Since the Georgia judgment was not challenged there or here[2], there is no basis in the record to suggest that it is not entitled to full faith and credit in this court.  The issue then turns on whether the judgment entered would be given preclusive effect under Georgia's collateral estoppel law.

*Preclusive Effect of Georgia Judgment -  Collateral Estoppel*

The plaintiffs' instant motions for summary judgment assert that the Georgia judgment should be afforded preclusive effect under the doctrine of collateral estoppel adopted in that state.  "The following elements are required to establish a claim of collateral estoppel under Georgia law: (1) There must be an identity of issues between the first and second actions; (2) the duplicated issue must have been actually and necessarily litigated in the prior court proceeding; (3) determination of the issue must have been essential to the prior judgment; and (4) the party to be estopped must have had a full and fair opportunity to litigate the issue in the course of the earlier proceeding".  *Sterling Factors v. Whelan*, 245 B.R. 698, (N.D.Ga. 2000) (citing *In re Graham*, 191 B.R. 489, 495 (Bankr. N.D. Ga. 1996); *In re Gunnin*, 227 B.R. 332, 336 (Bankr. N.D.Ga. 1998)).

*Section 523(a)(2)(A) and Identity of Issues*

Under section 523(a)(2)(A), a debt is non-dischargeable for fraudulent misrepresentation if a creditor can establish:

> (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; (5) the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.
> *In re Jozef Juck*, 282 B.R. 753, 755 (Bankr. D. Conn 2002) (citation

---

[2] There has been no claim that the Georgia judgment was procured either by fraud or collusion.  See *Edwards, supra*, 172 B.R. at 522.

5

omitted).

Punitive damages assessed as part of a judgment based on fraudulent conduct are also non-dischargeable. *Cohen v. De La Cruz*, 523 U.S. 213, 223 (1998).

The Georgia court found all of the elements of fraud, *see* italicized text, *supra* at 2-3. Those findings are identical to the elements necessary for a determination of non-dischargeability under §523(a)(2)(A). *See In re Jozef Juck, supra,* 282 B.R. at 755.

### *Actually and Necessary Litigated*

Under Georgia law, a default judgment is "equivalent to a decision on the merits". *In re Hooks*, 238 B.R. 880, 885 (Bankr. S.D. Ga 1999) (citing *In re Graham*, 191 B.R. 489, 495 (Bankr. N.D. Ga. 1996)). Hence, "the lack of litigation does not bar a default judgment from having collateral estoppel effect". *Id.*

### *Essential to Judgment*

A default judgment of fraud under Georgia law satisfies the "essential to judgment" prong of the collateral estoppel test. *In re Graham*, *supra*, 191 B.R. at 495 (citing *Butler v. Home Furnishing Co.*, 163 Ga. App. 825, 825-26 (1982); *Fierer v. Ashe*, 147 Ga. App. 446 (1978)) (quoting *Moore v. Gill*, 181 B.R. 666, 672-75 (1995) ("a judgment of fraud under Georgia law necessarily decides those issues pertinent to a claim of 'actual fraud' under 11 U.S.C. 523(a)(2)(A)").

### *Full and Fair Opportunity*

The defendants contend that they did not have a full and fair opportunity to litigate the issues and that the issues were not actually litigated. *See* Memorandum of Law in support of Defendant's Opposition, at 3-4. But, in an affidavit filed by the defendant Broder in opposition to both motions for summary judgment[3], he stated that he "wrote letters to the

---

[3] Broder filed an affidavit in support of each of the defendant's Objections to Plaintiffs' Motions which reinforces the Georgia court's conclusion that defendant Innovative "was and is an alter ego of Defendant Broder". *See* Order, at 6-7.

[Georgia] court that [he] was unable to afford to represent [him]self or [Innovative] . . . before the court". Affidavit of J. Scott Broder, at ¶ 5. That statement is an admission that he was aware of the plaintiffs' action against him and Innovative and negates any claim that they did not have a full and fair opportunity to litigate the issues there. To rule otherwise would allow any litigant to avoid the consequences of a judicial proceeding by simply declining to participate for alleged financial reasons. The doctrine of collateral estoppel only requires that the defendants have the opportunity to litigate. As noted, the Georgia collateral estoppel law applies to default judgments. *See supra* at 6; *see also Spooner v. Deere Credit*, 244 Ga. App. 681, 682 (2000) (citing *Butler v. Home Furnishing Co.*, 163 Ga. App. 825, 296 S.E.2d 121 (1982)).

### *Res Judicata*

The court notes that the plaintiffs' motions for summary judgment also could be granted on the basis of res judicata. Under the Georgia doctrine of res judicata, "a judgment on the merits is conclusive as to all matters that were or could have been put into controversy between identical parties or their privies in another cause of action". *Suggs v. Hale*, 278 Ga. App. 358, 258, 629 S.E.2d. 11 (2006) (quoting *Majestic Homes, Inc. v. Sierra Dev. Corp.*, 211 Ga. App. 223, 225, 438 S.E.2d. 686 (1993)). The application of this doctrine requires adjudication by a court of competent jurisdiction in the first action; identity of parties and subject matter in both actions; and "the party against whom res judicata is raised must have had a full and fair opportunity to litigate in the first action". *Suggs, supra,* 278 Ga. App. at 358-59 (quoting *Fowler v. Vineyard*, 261 Ga. 454, 455-56, 405 S.E.2d 678 (1991)). "The doctrine of res judicata applies even where the earlier judgment was a default judgment or a summary adjudication". *Morgan v. Dept. of Offender Rehabilitation*, 166 Ga. App. 611, 613 (1983) (citing *Fierer v. Ashe*, 147 Ga. App. 446, 249 S.E.2d 270 (1978)); *see also, Sterling Factors, Inc. v. Whelan*, 245 B.R. 698 (N.D. Ga. 2000). The parties are identical, and, as discussed, *see supra* at 5-7, the other factors have been satisfied.

**CONCLUSION**

For the foregoing reasons, the motions for summary judgment against both defendants are granted. Accordingly, the defendants' debts to the plaintiffs, as stated in the July 7, 2003 Georgia order, are non-dischargeable, and
IT IS SO ORDERED.


Dated at Bridgeport, Connecticut, this 8th day of August 2007.

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge